a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AVERY SHAWN ESKEW #25288, Plaintiff | CIVIL DOCKET NO. 1:21-CV-00479 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| RAPIDES PARISH SHERIFFS OFFICE ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a civil rights Complaint (ECF No. 1) filed by *pro se* Plaintiff Avery Shawn Eskew ("Eskew"). Eskew is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Rapides Parish Detention Center #3 in Alexandria, Louisiana. Eskew alleges that his constitutional rights have been violated at the Rapides Parish Detention Center #1.

Because Eskew must provide additional information to support his claim, he must AMEND the Complaint (ECF No. 1)

I. Background

Eskew alleges that on December 1, 2020, he was physically assaulted by Deputy Feazell, Corporal Winn, and two unidentified officers. ECF No 1 at 3. He allegedly requested medical care on December 1, 15, 21, 23, and 25, 2020, as well as January 21 and 25, 2021, and February 1, 2, and 3 of 2021. ECF No. 1 at 3. According

to Eskew, the medical staff refused to give him any medications or attend to his injuries with every request made. *Id.*

Eskew alleges that he was finally treated at Ochsner Hospital in Monroe and was informed that he has a lateral tear in his meniscus. ECF No. 1-3 at 3.

## II. Instructions to Amend

Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined ... by the law of the state where the court is located...." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code art. 24. Eskew names the Rapides Parish Sheriff's Department Nursing Staff as a Defendant. ECF No. 1 at 3. But the "Nursing Staff" is not an entity amenable to suit. *See Glover v. Med. Staff Jackson Par. Corr. Ctr.*, 19-CV-0213, 2019 WL 3362010, at *3 (W.D. La. May 28, 2019), *report and recommendation adopted*, 2019 WL 3365856 (W.D. La. July 25, 2019) (to the extent plaintiff names "staff" and "administration" as groups of unidentified persons, the Court should dismiss the claims against them); *Granger v. Tangipahoa Par. Jail - Med. Staff*, 12-CV-2276, 2013 WL 1103279, at *2 (E.D. La. Feb. 5, 2013), *report and recommendation adopted*, 2013 WL 1103293 (E.D. La. Mar. 15, 2013), *aff'd sub nom. Granger v. Tangipahoa Par. Jail*, 554 F. App'x 271 (5th Cir. 2014) (Tangipahoa Parish Jail–Medical Staff is an improper defendant because it is not a distinct, juridical entity capable of being sued).

Eskew must amend to identify each person that allegedly denied him of medical care on each date alleged in the Complaint. He should also state whether he

was examined on the dates that he requested care. If he was, Eskew should state who examined him and what treatment was provided.

### III. Conclusion

Because Eskew must provide additional in formation to support his claim, he must AMEND the Complaint (ECF No. 1).

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

Plaintiff is required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Monday, June 7, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE