a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AVERY SHAWN ESKEW #25288,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-00479<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| RAPIDES PARISH SHERIFFS<br>OFFICE ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint and Amended Complaint under 42 U.S.C. § 1983 (ECF Nos. 1, 14) filed by *pro se* Plaintiff Avery Shawn Eskew ("Eskew"). Eskew is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Rapides Parish Detention Center #3 in Alexandria, Louisiana. ("RPDC-3"). He alleges that his constitutional rights have been violated by Defendants.

Because Eskew fails to state a claim against the "Nursing Staff," Nortec, and Sheriff Wood, the claims against those Defendants should be DENIED and DISMISSED.

I. Background

Eskew alleges that he was physically assaulted by Deputy Feazell, Corporal Winn, and two unidentified officers. ECF No 1 at 3. Although he was seen by Nurses Steve and Julia, his request to be transported to the hospital was denied. ECF No.

1

14 at 1. Eskew allegedly requested additional medical care on December 1, 15, 21, 23, and 25, 2020, as well as January 21 and 25, 2021, and February 1, 2, and 3 of 2021. ECF No. 1 at 3. According to Eskew, Nurse Felicia refused to give him any medication or attend to his injuries with every request made. *Id.*

Eskew alleges that he was finally treated at Oschner Hospital in Monroe and was informed that he has a lateral tear in his meniscus. ECF No. 1-3 at 3. According to the Amended Complaint (ECF No. 14), Eskew received surgery on May 19, 2021, but was denied medical care by Nurse Felicia on May 18, 21, 26, 27, 31, 2021, and on June 9, 18, 21, 28, 2021. Eskew was transported to Oschner for a follow-up appointment on July 2, 2021. ECF No. 14 at 2.

Eskew alleges that Nurse Felicia and her employer, Nortec, are responsible for the denial of medical care. He also claims that Sheriff Mark Wood is liable as the sheriff. ECF No. 14.

II. **Law and Analysis**

    A. **Eskew's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.**

Eskew is an inmate who has been allowed to proceed *in forma pauperis*. ECF No. 9. As a prisoner seeking redress from an officer or employee of a governmental entity, Eskew's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Eskew's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if a court finds it is frivolous

or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Eskew cannot state a claim against the Nursing Staff.

Eskew names the Rapides Parish Sheriff's Department Nursing Staff as a Defendant. ECF No. 1 at 3. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined … by the law of the state where the court is located…." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code art. 24. To the extent Eskew names the "nursing staff" as an entity, his claim fails. *See Henderson v. Mid States Servs., Inc.*, 67 F. App'x 247 (5th Cir. 2003) (the plaintiff did not show that the "Medical Department" is a legal entity amenable to suit).

Likewise, to the extent Eskew names "staff" as a group of unidentified people that may or may not have been involved in the alleged deprivation, his claim fails. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *Glover v. Med. Staff Jackson*

*Par. Corr. Ctr.*, 19-CV-0213, 2019 WL 3362010, at *3 (W.D. La. May 28, 2019), *report and recommendation adopted*, 2019 WL 3365856 (W.D. La. July 25, 2019) (to the extent plaintiff names "staff" and "administration" as groups of unidentified persons, the Court should dismiss the claims against them); *Granger v. Tangipahoa Par. Jail - Med. Staff*, 12-CV-2276, 2013 WL 1103279, at *2 (E.D. La. Feb. 5, 2013), *report and recommendation adopted*, 2013 WL 1103293 (E.D. La. Mar. 15, 2013), *aff'd sub nom. Granger v. Tangipahoa Par. Jail*, 554 F. App'x 271 (5th Cir. 2014) (Tangipahoa Parish Jail–Medical Staff is an improper defendant because it is not a distinct, juridical entity capable of being sued).

    C.    <u>Eskew fails to state a claim against Nortec or Sheriff Wood.</u>

Eskew alleges that Nortec is liable as the employer of the Rapides Parish Detention Centers' nurses and Sheriff Wood is liable because he is the sheriff. However, respondeat superior and other theories of vicarious liability do not apply to actions brought under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (concluding government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior); *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) (under § 1983, a government official may be held liable solely for his or her own conduct). "Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983." *Berry v. Tex. Woman's Univ.*, No. 4:19-CV-00409, 2021 WL 1136015, at *11 (E.D. Tex. Mar. 25, 2021).

Eskew does not allege that Nortec or Sheriff Wood, through their own individual actions, violated his constitutional rights. Eskew merely names them as employers or supervisors.

### III. Conclusion

Because Eskew fails to state a claim against the "Nursing Staff," Nortec, and Sheriff Wood, IT IS RECOMMENDED that his § 1983 claim against those Defendants only be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(b) and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, July 14, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE