a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AVERY SHAWN ESKEW #25288,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-00479<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| RAPIDES PARISH SHERIFFS<br>OFFICE ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint and Amended Complaint under 42 U.S.C. § 1983 (ECF Nos. 1, 14) filed by *pro se* Plaintiff Avery Shawn Eskew ("Eskew"). Eskew is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Rapides Parish Detention Center #3 in Alexandria, Louisiana. ("RPDC-3"). Eskew's claims against "Nursing Staff," Nortec, and Sheriff Wood have been denied and dismissed. ECF No. 19. The Court ordered service of the Complaint and Amended Complaint on the remaining Defendants. ECF No. 20.

Because Eskew has failed to comply with the Court's order, his Complaint and Amended Complaint should be DISMISSED without prejudice.

I. <u>Background</u>

Eskew alleges that he was physically assaulted by Deputy Feazell, Corporal Winn, and two unidentified officers. ECF No 1 at 3. Although he was seen by Nurses Steve and Julia, his request to be transported to the hospital was denied. ECF No.

14 at 1. Eskew allegedly requested additional medical care on December 1, 15, 21, 23, and 25, 2020, as well as January 21 and 25, 2021, and February 1, 2, and 3 of 2021. ECF No. 1 at 3. According to Eskew, Nurse Felicia refused to give him any medication or attend to his injuries with every request made. *Id.*

Eskew alleges that he was finally treated at Ochsner Hospital in Monroe and was informed that he has a lateral tear in his meniscus. ECF No. 1-3 at 3. According to the Amended Complaint (ECF No. 14), Eskew received surgery on May 19, 2021, but was again denied medical care by Nurse Felicia on May 18, 21, 26, 27, 31, 2021, and on June 9, 18, 21, 28, 2021. Eskew was transported to Ochsner for a follow-up appointment on July 2, 2021. ECF No. 14 at 2.

## II. Law and Analysis

A district court may dismiss an action for the plaintiff's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Eskew was ordered to complete service forms and provide documents to the Clerk of Court for service upon Defendants. ECF No. 20. Eskew was granted an extension of time until October 8, 2021 within which to comply. ECF No. 22. To date, Eskew has failed to comply with the Order.

### III.   Conclusion

Because Eskew has failed to comply with the Court's Order (ECF No. 20), IT IS RECOMMENDED that the remaining claims in the Complaint and Amended Complaint (ECF Nos. 1, 14) be DISMISSED WITHOUT PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, October 18, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE